

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

SHERMAN L. SHELTON, JR.,

    Petitioner,

v.    Civil Action No. 3:10CV755

DIRECTOR, VIRGINIA DEPARTMENT
OF CORRECTIONS,

    Respondent.

## MEMORANDUM OPINION

Petitioner, a Virginia inmate, brings this petition for a writ of mandamus. The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. Jurisdiction is appropriate pursuant to 28 U.S.C. § 1343(a)(3).

### I. PROCEDURAL HISTORY

The Magistrate Judge made the following findings and recommendations:

> This Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (*quoting Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).
> 
> "A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (*citing* 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are

no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555 (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (*citing Bell Atl. Corp.*, 550 U.S. at 556). Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (*citing Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)).

Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## Summary of Allegations and Claims

Petitioner has petitioned this Court to issue a writ of mandamus directing the Director of the Virginia Department of Corrections to order his release.[1] This Court lacks jurisdiction to grant mandamus relief against state officials or other non-federal employees. *See Davis v. Lansing*, 851 F.2d 72, 74 (2d Cir. 1988); *Gurley v. Super.*

---

[1] The Court previously has denied two habeas corpus petitions by Shelton challenging his recent state court convictions. *See Shelton v. Dir. Dep't of Corr.*, No. 3:08cv270, 2009 WL 790013 (E.D. Va. Mar. 23, 2009) (denying § 2254 petition challenging convictions in the Circuit Court for the County of Chesterfield for obtaining money by false pretenses, uttering forged checks, and larceny); *Shelton v. Dir. of Va. Dep't of Corr.* No. 3:08cv70, 2008 WL 4361051 (E.D. Va. Sept. 24, 2008) (denying § 2254 petition challenging convictions in the Circuit Court for the County of Spotsylvania for robbery and threatening to burn or bomb a building). In light of the restrictions on filing successive § 2254 petitions, *see* 28 U.S.C. § 2244(b)(3)(A), the Court declines to consider the present action as a petition for a writ of habeas corpus under 28 U.S.C. § 2254. *See, e.g., Rivenbark v. Virginia*, 305 F. App'x 144, 145 (4th Cir. 2008).

*Ct. of Mecklenburg County*, 411 F.2d 586, 587 (4th Cir. 1969). It is therefore RECOMMENDED that this petition for a writ of mandamus be DENIED and the action be DISMISSED as legally frivolous.

(February 3, 2011 Report and Recommendation.) The Court advised Petitioner that he could file objections within fourteen (14) days of the date of entry thereof. Petitioner responded by moving to voluntarily dismiss the action.

## II. STANDARD OF REVIEW

"The magistrate makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court." *Estrada v. Witkowski*, 816 F. Supp. 408, 410 (D.S.C. 1993) (*citing Mathews v. Weber*, 423 U.S. 261, 270-71 (1976)). This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "The filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). In the absence of a specific written objection, this Court may adopt a magistrate judge's recommendation without conducting a *de novo* review. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

## III. CONCLUSION

Petitioner has not filed objections or an amended complaint. Instead, Petitioner has moved to voluntarily dismiss the present action. Petitioner is entitled to have his action dismissed without prejudice, but he must shoulder the consequences of filing a frivolous action with respect to the three strikes provisions of the 28 U.S.C. § 1915(g). *See Sumner v. Tucker*, 9 F. Supp. 2d 641, 644 (E.D. Va. 1998). Accordingly, the Report and Recommendation will be

ACCEPTED AND ADOPTED, and the action will be DISMISSED WITHOUT PREJUDICE. The Clerk will be DIRECTED to note the disposition of the action for purposes of the Prison Litigation Reform Act of 1995. *See* 28 U.S.C. § 1915(g).

An appropriate Order will accompany this Memorandum Opinion.

/s/
James R. Spencer
Chief United States District Judge

Date: 3-21-11
Richmond, Virginia